## STILLMAN WORSTER *versus* THE PROPRIETORS OF THE CANAL BRIDGE.

Where there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury, and not the opinion of the Court, is to govern, unless the damages assessed by the jury are so excessive as to warrant the belief, that the jury must have been influenced by partiality or prejudice, or misled by some mistaken view of the merits of the case.

In an action against a bridge corporation to recover damages for an injury sustained by the plaintiff in consequence of the lamps of the bridge not being lighted, as required by law, it was *held*, that the burden of proof was on the defendants, to show that there was no negligence on their part in this respect.

In the same action, the declaration alleged, that the plaintiff sustained the injury in consequence of a defect in the railing of the bridge. It appeared from the evidence, that in repairing the bridge, a portion of the footway and railing was removed, in order to allow the travel to pass from the bridge to certain land by the side of the bridge, provided by the corporation temporarily as the common travelling path ; that this land was inclosed by a fence, through an aperture in which the plaintiff passed and fell overboard. It was *held*, that this was not a variance.

A count at common law claiming damages for an injury sustained in consequence of a defect in a bridge, may be joined with a count on *St.* 1786, *c.* 81, § 7, [Rev. Stat. *c.* 25, § 22,] claiming double damages for the same injury, the form of the action being the same in both counts.

In an action on *St.* 1786, *c.* 81, § 7, [Rev. Stat. *c.* 25, § 22,] to recover double damages of a bridge corporation for an injury occasioned by a defect in the bridge, it is not necessary, that the declaration should allege that the plaintiff was entitled to double damages, or that it should conclude *contra formam statuti ;* but it must aver that the corporation had reasonable notice of such defect ; and the want of such averment is not cured by a verdict for the plaintiff.

In the same action, the declaration alleged, that the defendants were by law bound to

keep the bridge in repair, but did not aver, that they were the proprietors thereof, nor that they had any interest or control over it, nor that the bridge authorized to be erected by the act incorporating the defendants was ever built, nor that the bridge mentioned in the declaration was built by the defendants by virtue of such act, nor what kind of bridge it was, nor whether it was public or private, nor that the plaintiff had any right to pass over the same ; neither did it set forth or allude to the act incorporating the defendants, and creating their liability to repair the bridge. After verdict it was *held*, that these were merely defects in the manner of stating the liability of the defendants, and so were cured by the verdict.

In the same action, the declaration contained two counts for the same injury, the first alleging it to have been caused by a defect in the bridge and also by a neglect on the part of the defendants to light the lamps, and the second count omitting the latter cause. The jury found, that both causes were proved, and returned a general verdict for the plaintiff. It was *held*, that if the first count was insufficient, judgment might be entered on the second count.

THIS was *case*, to recover damages for injuries alleged to have been sustained by the plaintiff, in consequence of a defect in the bridge of the defendants.

The declaration contained two counts. The first alleged, that on December 17, 1833, there was and for a long time had been a certain bridge and causeway from Boston to Cambridge, over which it was the right of all passengers to pass, paying the toll by law established and payable to the defendants ; that by *St.* 1806, *c.* 88, entitled "An Act for incorporating certain persons for the purpose of building a bridge over Charles River, by the name of the Canal Bridge, and for extending the interest of the Proprietors of West Boston Bridge," it was provided, that the bridge "shall not be less than forty feet wide, with sufficient railings on each side, with a footway divided on each side from the carriageway on said bridge by proper railing, and that there shall be a suitable number of lamps put up on said bridge and causeway, not more than fifty feet distant from each other, and kept burning until midnight ;" that on December 17, 1833, the plaintiff was passing over the bridge on foot, for which passage he was willing to have paid the toll by law established, and was proceeding over the bridge to the place by the defendants established for the receiving of the toll ; that the defendants, well knowing the premises, but unmindful of their duty in that behalf, on that day, and for a long time before, did suffer the bridge to be without sufficient railings on each side thereof, and on one side to be wholly

without any railing, and without a footway divided on each side from the carriageway on the bridge by a proper railing, and the footway aforesaid to be wholly obstructed and impassable, and did, on December 17, 1833, in the night-time and before midnight of that day, suffer the bridge to be without the lamps thereof being lighted ; that in consequence thereof, the plaintiff, in the night-time of that day, was precipitated into the river, and sustained the injury, which was the cause of the action.    The second count alleged, that the plaintiff, on December 17, 1833, in the night-time, was travelling on foot upon a bridge and causeway leading from Boston to Cambridge, which bridge and causeway the defendants were by law bound to keep in repair, and in a state safe and convenient for travelling at all seasons of the year ; that a part of the bridge was greatly defective, the railing thereof being down and the foot-path thereof obstructed, which defect, want of railing and obstruction the defendants had long and unnecessarily suffered to remain, endangering the lives of the citizens of this Commonwealth ; that by reason thereof the plaintiff was precipitated into the river, and suffered the injury which is the cause of this action ; that the defendants, before and on that day, had due notice of such defect and want of necessary repair ; all which was contrary to the form of the statute in such case made and provided ; and that thereby and by force of the statute in such case made and provided, the defendants became liable to pay the plaintiff double the amount of the damages which he had sustained.

The trial was before *Wilde J.*, on the general issue.    The jury returned a verdict in favor of the plaintiff, for the sum of $600 ; and upon being inquired of by the Court, upon what grounds the verdict was rendered, replied, that it was upon both the alleged grounds of complaint, to wit, the defect in the fence, and the omission to have the lamps lighted.

The defendants thereupon filed a motion for a new trial, and assigned the following causes :

1. Because the damages were excessive.

2. Because the Court instructed the jury, in relation to the alleged negligence of the defendants in not having their lamps

*Worster
v.
Proprietors
of Canal
Bridge.*

Worster
v.
Proprietors
of Canal
Bridge.

lighted, that the burden of proof was on the defendants to show that there was no negligence ; whereas the jury should have been instructed, that the burden of proof was on the plaintiff to show such negligence.

3. Because the verdict, so far as the jury found that the defendants were guilty of negligence in regard to the fence, was manifestly against the weight of evidence.

Under the third cause assigned, the defendants insisted that there was a variance between the allegations in the writ and the evidence adduced in support of them, in this, that the declaration alleged the injury to have been sustained in consequence of a defect in the railing of the bridge, whereas it appeared from the evidence, that the plaintiff fell overboard by reason of a defect in the fence on certain new made land on the south side of the bridge.

In regard to this point, it appeared from the evidence, that the bridge had become so defective as to require to be taken up ; that the new made land was provided by the corporation and used as the common travelling path ; that a portion of the south footway, about thirty feet in length, was removed, together with the railing on both sides, through which opening the travel passed from the bridge to the new land ; that foot passengers took indiscriminately this footway or the new land ; and that the new land was inclosed by a rough fence, through an alleged aperture in which the plaintiff passed and fell overboard.

The defendant also filed a motion in arrest of judgment, and assigned the following causes :

1. Because in the first count in the declaration, an action on the case at common law is set forth, and in the second count, an action founded on a statute ; whereas these counts cannot be joined in the same declaration.

2. Because it is not alleged in the declaration, that the defendants were the proprietors of the bridge and causeway therein mentioned, or that they had any interest in or control over the same, or any right to receive tolls for passing over them, or that they were under any legal obligation to keep the same lighted or in repair ; nor are any facts or circumstances therein stated, from which such liability might be inferred

3 Because it is not alleged in the declaration, that the bridge and causeway authorized to be made by the statute mentioned in the first count, were ever built, or that the bridge mentioned in the declaration was built by the defendants under or by virtue of the statute.

4. Because it is not alleged in the second count, what kind or manner of bridge is the one therein mentioned; nor whether the same is public or private; nor that the plaintiff had any right to pass over the same; nor that the defendants were under any obligation to keep the same in repair.

5. Because the supposed cause of action is alleged in the second count to have accrued to the plaintiff by force of the statute in that case made and provided; whereas the same accrued, if at all, by force of several and different statutes.

6. Because the supposed legal liability of the defendants to repair the bridge and causeway, as alleged in the second count of the declaration, exists, if at all, by reason of St. 1806, c. 88, which is a private and not a public statute; and the same is not set forth or in any wise alluded to, in the second count.

7. Because it did not appear, that the towns in which the bridge and causeway were situate, were exempted from the duty of keeping the same lighted and in repair.

8. Because the two counts being substantially different, as setting forth different causes of action, and the evidence being applicable to both, and incapable of distinct application to each separately, and the verdict being general, the Court cannot render judgment upon either count alone, and the same judgment cannot be rendered on both.

*C. G. Loring* and *Buttrick*, for the defendants, to the point, that where an injury is caused by mere negligence without any malicious intent, the Court will interfere in case the damages assessed by the jury are excessive, cited *Reed v. Davis*, 4 Pick. 216; to the point, that as only the remote cause of the injury was set forth in the declaration, it was not competent to give evidence of the proximate cause, on the ground of variance, *Fitzsimons v. Inglis*, 5 Taunt. 534;

*Worster v. Proprietors of Canal Bridge.*

*April 4th*

Worster
v.
Proprietors
of Canal
Bridge.

*Emerson* v. *Wiley*, 7 Pick. 68 ; *Stone* v. *Swift*, 4 Pick. 389 ; *Fentiman* v. *Smith*, 4 East, 107 ; *Cudlip* v. *Rundle*, Carth. 202 ; *Hill* v. *Haskins*, 8 Pick. 83 ; *Harris* v. *Rayner*, 8 Pick. 541 ; 3 Stark. on Evid. 1584 and cases cited ; to the point, that the two counts could not be joined, Com. Dig. *Action upon Statute*, *C*; *Mason* v. *Waite*, 1 Pick. 452 ; to the point, that the statute incorporating the defendants, and the other circumstances necessary to render the defendants liable, were not sufficiently set forth, *Mower* v. *Leicester*, 9 Mass. R. 247 ; *Commonwealth* v. *Springfield*, 7 Mass. R. 13 ; *St.* 1786, c. 81 ; *Goshen & Sharon Turnp Co.* v. *Sears*, 7 Connect. R. 86 ; *Company of Feltmakers* v. *Davis*, 1 Bos. & Pull. 9 ; Bac. Abr. *Statute*, *L*; 1 Bl. Comm. 86 ; *Holland's case*, 4 Coke, 76 ; *Lee* v. *Clarke*, 2 East, 333 ; *The King* v. *Dickinson*, 1 Wms's Saund. 135 ; *Rann* v. *Green*, Cowp. 474 ; *Commonwealth* v. *Newburyport Bridge*, 9 Pick. 142 ; *Commonwealth* v. *M'Curdy*, 5 Mass. R. 324 ; *Williams* v. *Hingham &c. Turnpike Corporation*, 4 Pick. 341 ; *Rex* v. *Great Broughton*, 5 Burr. 2700 ; *The King* v. *Sheffield*, 2 T. R. 106 ; *Riddle* v. *Proprietors of the Locks and Canals &c.* 7 Mass. R. 169 ; *The King* v. *Kent*, 13 East, 220 ; *Weall* v. *King*, 12 East, 452 ; *Max* v. *Roberts*, 12 East, 89 ; *Rex* v. *Richardson*, 1 Burr. 540 ; *Bartlett* v *Crozier*, 17 Johns. R. 439 ; *Alban* v. *Brounsall*, Yelv. (Metcalf's ed.) 164, note ; *Rex* v. *Stoughton*, 2 Wms's Saund. 158, note ; *Rouse* v. *Bardin*, 1 H. Bl. 355 ; *The King* v. *Salop*, 13 East, 95 ; *Regina* v. *Sainthill*, 2 Ld Raym. 1174 ; Com. Dig. *Pleader*, *C*, 76 ; *Soper* v. *Harvard College*, 1 Pick. 177 ; *Rex* v. *Liverpool*, 2 Burr. 731 ; *Drowne* v. *Stimpson*, 2 Mass. R. 441 ; *Peabody* v. *Hayt*, 10 Mass. R. 36 ; *Rex* v. *Hartford*, Cowp. 111 ; *The King* v. *Kerrison*, 1 Maule & Selw. 435.

*Fletcher* and *Bartlett*, for the plaintiff, as to the damages being excessive, cited *Coffin* v. *Coffin*, 4 Mass. R. 41 ; to the point, that the two counts were for the same cause of action and might be joined, *Lobdell* v. *New Bedford*, 1 Mass. R. 153 ; *Clark* v. *Worthington*, 12 Pick 571 ; *Fairfield* v. *Burt*, 11 Pick. 244 ; *Meridia* v. *Ayers*, 12 Pick 334 ; to the point, that the declaration was sufficient, after

erdict, to sustain the action, *Rider* v. *Smith*, 3 T. R. 766 ; *Ward* v. *Bartholomew*, 6 Pick. 409 ; 2 Swift's Dig. 572 ; *Crocker* v. *Whitney*, 7 Greenl. 63 ; *Colt* v. *Root*, 17 Mass. R. 229 ; *Riddle* v. *Proprietors of the Locks and Canals &c.* 7 Pick. 185 ; to the point, that the alleged defect in the second count, which is set forth in the sixth ground of the motion in arrest, was at most a defect in the manner of stating the plaintiff's title, and so was cured by the verdict, Gould on Pl. 56 ; 11 Petersd. Abr. 671 ; *Rushton* v. *Aspinall*, 2 Dougl. 683 ; Buller's N. P. 222 ; *Goshen & Sharon Turnp. Co.* v. *Sears*, 7 Connect. R. 86 ; *Bartlett* v. *Crozier*, 15 Johns. R. 250 ; and as to the eighth cause of the motion in arrest, *Patten* v. *Gurney*, 17 Mass. R. 187 ; *Barnard* v. *Whiting*, 7 Mass. R. 358 ; *Payson* v. *Whitcomb*, 15 Pick. 212 ; *Cornwall* v. *Gould*, 4 Pick. 444 ; *Clark* v. *Lamb*, 8 Pick. 415.

WILDE J. delivered the opinion of the Court. 1. In regard to the first reason assigned for a new trial, we are of opinion, that the damages assessed are not so excessive and unreasonable as to warrant the interference of the Court in a matter which is peculiarly within the province of the jury to determine. In all cases where there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury and not the opinion of the Court is to govern, unless the damages are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case. In the present case the plaintiff was exposed to the imminent peril of his life, to great bodily and mental suffering, and we cannot say that the sum assessed by the jury exceeds a reasonable compensation. We do not consider whether or not we should have assessed the same amount of damages if the case had been submitted to the Court to decide ; for in a case like the present, men of sound judgment may differ not a little in estimating the compensation which the circumstances of the injury would justify ; and it is the judgment of the jury, and not that of the Court, which must govern. To justify the interposition of the Court the damages must be

---

*Margin notes:*

Worster
*v.*
Proprietors of Canal Bridge.

June 22.

manifestly exorbitant ; and this we cannot say in the present case.

2. The exception taken to the charge of the judge as to the burden of proof, is not material, because, if the charge was erroneous in this respect, it would furnish no reason for a new trial, the jury having found that the bridge was defective and not in good repair, and it matters not whether there were one or more defects, which caused the injury ; in either case the damages would be the same. If however this exception were material, I apprehend it would be found, that the charge was perfectly correct. The defendants are required by law to keep their lamps lighted, and certainly it is for them to show the reason why they did not comply with the law ; and this was impliedly admitted in the argument of the cause by the defendants' counsel. The objection made in the argument was, that the charge was not sufficiently limited as to the degree of negligence which would render the defendants liable ; but that objection was not made at the trial, nor is it stated as one of the reasons for a new trial. If that question had been raised, the jury would probably have been instructed, that the defendants were only bound to use reasonable care. This however has no connexion with the question as to the burden of proof, and is immaterial.

3. In support of the last ground for a new trial, the defendants' counsel insist on a variance between the allegations in the writ, and the evidence reported, it being alleged in the writ, that the injury was caused by a defect in the railing of the bridge, whereas by the evidence it appears, that it was caused by a defect in the fence on the newly made land at some distance from the railing of the bridge. And it is true, that the immediate cause of the injury was the defect in the fence ; but the primary cause was the defect of the railing as alleged in the writ ; the plaintiff was not bound to allege the deficiency in the fence. It was for the defendants to show, by way of defence, that there was a necessity for removing the railing, for the purpose of opening a temporary passage for public accommodation while the bridge was repairing, and that this temporary passage was made safe for passengers as well by night as by day. Such substantially

must have been the defendant's plea, if they had set out their defence specially. We are therefore of opinion, that the declaration is well enough in alleging the primary cause of the injury, and that the declaration is well supported by the evidence. It was shown, that a part of the railing was removed, and the footpath obstructed, and the defendants have failed to show that a safe passage was provided as a substitute.

We are next to consider the defendants' motion in arrest of judgment.

1. It is very clear, we think, that these counts may be well joined, even if the first count is to be considered as a count at common law ; and so it was decided in the case of *Fairfield* v. *Burt*, 11 Pick. 244. The form of the action is the same, and so is the plea and judgment. The statute only affects the mode of entering up judgment after the damages have been assessed by the jury. The plaintiff, therefore, was not bound to allege in his declaration, that he was entitled to double damages ; nor was it necessary, that the declaration should have concluded *contra formam statuti*, as was decided in the case of *Clark* v. *Worthington*, 12 Pick. 571, and in other cases not yet reported. And as these averments were not necessary, we should hold the first count to be founded on the statute, although it may be defective in not averring notice to the defendants of the defect alleged.

2. The second defect, we think, is cured by the verdict. The plaintiff's title is defectively and imperfectly stated ; but the circumstances and facts omitted to be alleged, to show the defendants' liability, must be presumed to have been proved on the trial. The Court must presume every thing to have been proved, without proof of which the jury could not have truly found from the evidence as they have found. Thus if a party pleads the grant of a reversion, without alleging the attornment of the tenant, this defect is cured by a general verdict, although at common law it would be fatal on demurrer. Gould on Pl. 500. Now it is expressly alleged in the declaration, that the defendants were by law bound to keep the bridge in repair, and in a state safe and convenient for travelling, at all seasons of the year. The objection is, that it is not shown how they became so bound ; and this objection clearly goes only to the manner of alleging the defend-

ants' liability. The defect is not in the title as stated, but in the manner of stating it, and is clearly cured by the verdict.

3 and 4. The same answer applies to the third and fourth objections to the declaration.

5. The fifth objection was waived.

6. This defect also is cured by the verdict. No doubt a private statute should be set out, but it was only necessary in the present case, for the purpose of showing the defendants' obligation to keep the bridge and causeway in repair. The defect, therefore, is not in the plaintiff's title or right of action, but in his manner of stating it.

7. This objection, I believe, was waived, and if not, it is clearly insufficient.

8. It is a sufficient answer to this objection, that both counts are for the same cause of action ; and therefore if the first count is insufficient, as we think it is, judgment may be entered on the second count. There is but one injury complained of. In the first count the injury is alleged to have been caused by the defect in the bridge and want of sufficient railing, and also because the lamps were not lighted ; and in the second count, the latter cause is omitted. But the jury have found, that both defects were proved, and one is sufficient to sustain the verdict. The injury was the same, whether it was caused by one or many defects in the bridge, and the damages are the same, whether one or both counts are maintained. The verdict therefore may be altered if necessary, and judgment rendered on the second count, the first being insufficient for want of an averment that the defendants had reasonable notice of the defect of the bridge. This defect is not cured by the verdict, it being a defect in the plaintiff's title or right of action. It is similar in principle to the case of *Bartlett* v. *Crozier*, 17 Johns. R. 456, in which the defendant was charged, as overseer of highways, with neglect in not repairing a bridge ; but it was not alleged that he had any money in his hands for making repairs, which by statute is made essential to render him liable. And the declaration was held bad after verdict. The averment of notice of the defect is equally essential in the present case.

*Judgment for the plaintiff on the second count*